979 F.2d 850
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gertie CRISMON, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 92-5178.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1992.
 
 1
 Before BOGGS and SILER, Circuit Judges, and LAMBROS, Chief District Judge.*
 
 ORDER
 
 2
 Gertie Crismon, a federal prisoner, appeals through counsel the denial of her motion to vacate sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Crismon was convicted following a jury trial of possession of cocaine and marijuana with intent to distribute and was sentenced to 121 months of imprisonment. On direct appeal of her conviction to this court, one of the issues raised was the voluntariness of her consent to the search of her luggage. However, this court found that it lacked jurisdiction over that issue because no motion to suppress the evidence on that basis had been filed. The conviction was affirmed. United States v. Crismon, 905 F.2d 966 (6th Cir.1990) (per curiam). Crismon then filed this motion, arguing that she had received ineffective assistance of counsel based on the failure to file a suppression motion on the basis of lack of consent. The motion was summarily denied by the district court. A subsequent motion to alter or amend was also denied. On appeal, Crismon continues to argue that she was denied effective assistance of counsel, and asserts that the district court erred in failing to hold an evidentiary hearing.
 
 
 4
 Upon review, it is concluded that this motion to vacate was properly denied without an evidentiary hearing, as the record shows conclusively that the movant is not entitled to relief. See Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986). In order to establish ineffective assistance of counsel, the movant must show both that counsel's performance was deficient and that it prejudiced the outcome of her trial. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Where counsel's actions are based on information supplied by the defendant, they may not later be challenged as unreasonable. Id. at 691. In this case, Crismon's counsel stated that he had been informed by her that she had consented to the search of her luggage, because she was unaware of the presence of the drugs. Crismon herself testified that she consented to the search. Moreover, in light of her defense of ignorance of the contents of the luggage, she cannot overcome the presumption that the failure to challenge the consent to search was sound trial strategy. See Strickland, 466 U.S. at 689.
 
 
 5
 Accordingly, the district court's order denying this motion to vacate sentence is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas D. Lambros, Chief U.S. District Judge for the Northern District of Ohio, sitting by designation